UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERICK ENRIQUEZ GRANADO,

Plaintiff(s),

v.

TODD BLANCHE, et al.,

Defendant(s).

CASE NO. C26-660-KKE

ORDER DENYING HABEAS PETITION

This matter comes before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 4. Petitioner, a citizen of El Salvador, was transferred from a municipal jail in Harris County, Texas to the custody of U.S. Immigration and Customs Enforcement ("ICE") in November 2024. Seven months later, an immigration judge ("IJ") ordered him removed to his home country. His removal order did not become final until March 2026, when the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the order.

Petitioner claims that his detention violates various constitutional rights but, beyond identifying the asserted rights, does not describe any factual circumstances or provide authority suggesting his detention is unlawful. Because Petitioner is subject to a final order of removal and is mandatorily detained under 8 U.S.C. § 1231(a)(2), the Court will deny his habeas petition.

ORDER DENYING HABEAS PETITION - 1

## I.   BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States at an unknown date and time without being admitted or paroled.  Dkt. No. 8 ¶ 3.  In April 2024, Petitioner was arrested for assault on a pregnant person (his girlfriend) and terroristic threats and was detained at the Harris County Jail in Houston.  *Id.* ¶ 6; Dkt. No. 9-2 at 4; Dkt. No. 9-4 at 5. Immigration officials determined that Petitioner lacked lawful immigration status and placed an immigration detainer with the jail, requesting that local officials coordinate his transfer to ICE custody to effectuate his removal.  Dkt. No. 8 ¶ 6.

ICE took custody of Petitioner in November 2024, following his conviction on the assault charge and release after a term of imprisonment.  *Id.* ¶ 7.  The next day, ICE issued Petitioner a notice to appear charging him as removable under the Immigration and Nationality Act ("INA"). *Id.* ¶ 8, Dkt. No. 9-1.  On May 6, 2025, Petitioner attended a final merits hearing in his removal proceedings and was ordered removed to El Salvador.  Dkt. No. 8 ¶ 10; Dkt. No. 9-3.  He appealed the order to the BIA, which ultimately dismissed the appeal on March 4, 2026.  Dkt. No. 8 ¶ 10– 12; Dkt. No. 9-4.  On March 12, the Government[1] filed a notice indicating that it intended to remove Petitioner to El Salvador and that Petitioner had been given a copy of a travel document to his home country.  Dkt. No. 10.

Petitioner filed his proposed habeas petition and application to proceed *in forma pauperis* on February 23, 2026, while his removal proceedings were still underway.  Dkt. No. 1.  The Government filed its return (Dkt. No. 7), but Petitioner never filed a traverse.  The petition is now ripe for the Court's consideration.

---

[1] This order refers to Respondent, Acting Attorney General of the United States Todd Blanche, as "the Government." Acting Attorney General Blanche assumed office after the petition was filed and is thus substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

ORDER DENYING HABEAS PETITION - 2

## II.  DISCUSSION

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A district court's habeas jurisdiction includes challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Detention of noncitizens following an order of removal is governed by the INA.  "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody."  *Zadvydas*, 533 U.S. at 682.  During the 90-day removal period, the Government "shall detain" the noncitizen.  8 U.S.C. § 1231(a)(2)(A).  Once the 90-day removal period ends, the Government may continue to detain certain noncitizens.  *Id.* § 1231(a)(6).  However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal.  *Zadvydas*, 533 U.S. at 699.

Here, Petitioner's removal order became final on March 4, 2026, when the BIA denied his appeal.  Dkt. No. 8 ¶ 12; Dkt. No. 9-4.  Petitioner therefore remains subject to mandatory detention pursuant to the 90-day removal period set forth in 8 U.S.C. § 1231(a)(2)(A), which will not end until June 2, 2026.  A noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since the noncitizen's removal order became final.  *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004).  Because Petitioner has not been detained for 90 days since his removal order

ORDER DENYING HABEAS PETITION - 3

became final, he has no colorable claim for release under the Due Process Clause.  And because he articulates no other basis for relief, he has not shown that he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.[2]

### III.  CONCLUSION

Petitioner's habeas petition is DENIED.  Dkt. No. 4.

Dated this 27th day of April, 2026.

Kymberly K. Evanson
United States District Judge

---

[2] Petitioner lists a litany of other constitutional provisions—including the Cruel and Unusual Punishment Clause of the Eighth Amendment, the Supremacy Clause, the Equal Protection Clause, and the Thirteenth Amendment—but provides no argument, factual background, or authority for why his detention violates these provisions.  Dkt. No. 4 at 3–4.  On this record, the Court cannot find that Petitioner's mandatory detention pursuant to his final order of removal violates any of the provisions he cites.

ORDER DENYING HABEAS PETITION - 4